MAY E. TANHAM, as Trustee, Plaintiff, *v.* MANUFACTURERS TRUST COMPANY, RESOLUTE HOLDING CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, December 2, 1937.

*Javits & Javits,* for the plaintiff.

*Newman & Bisco,* for the defendant Manufacturers Trust Company.

*Hastings S. Morse,* for the defendant Resolute Holding Corporation.

LAUER, J. There are two motions herein, each to strike out the first and second separate defenses in the respective answers of the defendants Manufacturers Trust Company and Resolute Holding Corporation, upon the ground that they are insufficient as a matter of law. As there is no difference in substance between the separate defenses pleaded by each of the defendants and identical questions of law arise in respect to each, both motions will be decided as one. The plaintiff is the holder of certain securities of the defendant Associated Chain Store Realty Co., Inc. (hereinafter referred to as " Associated "). With the exception of $4,000 of first mortgage five and one-half per cent gold bonds, which do not appear to have been in default nor their security impaired, the securities owned by plaintiff consist entirely of income certificates issued as a result of a reorganization entered into between the defendant Associated and most of its security holders. These income certificates were issued in exchange for certain rent trust certificates which the defendant Associated had originally issued in 1928 and which were secured by various junior mortgages and leases on the property of the Associated and its subsidiaries. Subsequent to the issuance of the rent trust certificates an agreement was made between Associated and its principal stockholders, who are parties defendant in this action, in which a special fund was created to be used in the discretion of Manufacturers Trust Company, as trustee, in certain situations which might arise in the course of the business of Associated.

The purpose of the present action is to compel the trustee to call for additional payments to be made into the special fund, pursuant to the terms of the agreement, to remove the trustee, and to use all of the special fund for the payment of sums which are allegedly in default on Associated's securities. To this claim defendants have set up two separate defenses: (1) That the plaintiff is not the real party in interest, being neither a party to the special fund

agreement nor entitled to enforce it for the benefit of herself, Associated or any one else; (2) that the plaintiff has elected to enter into a voluntary reorganization plan under which the old defaulted securities were surrendered to the company and in exchange for which there were issued new income securities with no fixed interest obligations and under which there are no existing defaults which would entitle even an interested party to make a complaint.

An examination of the papers before me discloses that the plaintiff owns none of the original rent trust certificates alleged to be in default, although she does own $152,000 of the new securities received on the reorganization of the company and $4,000 of the first mortgage bonds. It does not appear that the securities now owned by the plaintiff were ever in default or that demand was made upon the trustee of the reorganized issue by any one to take any action or to make any payments in respect to these new securities. The plaintiff was not a party to the special fund agreement, and it would appear that she is not entitled to the benefits thereunder and that she is not a real party in interest.

Primarily this is an action to enforce the special fund agreement or to compel others entitled to the benefits thereof to seek such enforcement. That being so, the following possibilities of interest on the plaintiff's part suggest themselves: (a) As a direct party to or beneficiary of the agreement; (b) as a person having a sufficient interest in one who is either a party to the agreement or entitled to enforce it, so as to justify plaintiff in seeking relief for the benefit of such other party. Neither type of interest exists in the instant case. The plaintiff is not a direct party to the special fund agreement because neither she nor any other security holder or creditor of the Associated is named therein. The agreement is made between Associated, a trustee and five stockholders of Associated owning together over eighty per cent of the stock of the company. The intent of the parties to the agreement was not left in doubt in so far as outsiders are concerned. Paragraph 7 of the special fund agreement provides: " Nothing herein expressed or implied is intended or shall be construed to confer upon or to give to any person or corporation other than the parties of the third part and the Trustee any right, remedy or claim hereunder, or by reason of this agreement or any covenant, condition or provision hereof." The other provisions of the agreement do nothing to negative the clear intent of this paragraph. It would appear, therefore, that this agreement is one of a group of majority stockholders binding together solely for their own benefit and convenience and for the purpose of promoting the interests of the enterprise of which they are the majority owners. While it is true that the carrying out

of such an agreement might prove a benefit to any one else dealing with the corporation, yet such third person would receive the benefit as a gratuity rather than as a right. Even if the plaintiff should make the claim that she is attempting to maintain a derivative action as a bondholder, and, therefore, a creditor, for the benefit of the very trustee whom she seeks to oust by this action, the answer to her claim is that it appears that there is no possible trust relationship between the trustee of the special fund agreement and the creditors of Associated. The duties of the trustee are confined entirely to matters concerning only the subscribing stockholders and Associated, and Associated itself is expressly excluded as a beneficiary of the promises of the stockholders made between themselves and to the trustee. If Associated itself lacks powers of action, certainly its creditors lack similar powers based on a right of Associated. The trustee is not a trustee for creditors, and the creditors are not the beneficiaries of any powers and rights accorded to the trustee under the special fund agreement. The first defense will, therefore, be permitted to stand.

The second defense assumes that even though plaintiff at one time may have had standing to maintain this action she no longer has that standing after her entrance into the reorganization of the rent trust certificate issues and her acceptance of the new adjusted income obligations of the Associated issued upon such reorganization. The language of the plan to which each depositor assents is that the depositor gives up all right, title and interest and all claims in respect of the deposited rent trust certificates, vests title thereto in the company and authorizes the company to pledge the deposited certificates with a trustee to be appointed under the indenture securing the issuance of the new income securities. It is clear, therefore, from this language that, since the plaintiff deposited her certificates pursuant to the reorganization plan, no rights remained in the plaintiff in respect to any rent trust certificates that she may have ever owned. The plaintiff now owns only adjustment certificates. All the defaults which are alleged in the complaint relate to the superseded rent trust certificates, as do all the demands alleged to have been made upon the fund trustee. No facts are pleaded to substantiate a default under the new income certificates, although a conclusion is set forth that there is an accrual of $69,000 on the six per cent cumulative secured income certificates. It appears, therefore, that the plaintiff is now the owner of securities none of which are in default and in respect to none of which the fund trustee has been asked to do anything. Title to the old securities passed to Associated and, in turn, to the Manufacturers Trust Company, as trustee under the

new indentures. The new trustees are not joined as parties defendant and no allegation is made that these trustees have been asked to take any action in respect to the allegedly defaulted rent trust certificates which they hold. It would appear, therefore, that the second defense is sufficient.

The motions to dismiss are, accordingly, denied. Order signed.